WOLFORD v TRAVELERS INSURANCE COMPANY

Docket No. 30819. Submitted June 13, 1979, at Grand Rapids.—Decided October 1, 1979.

Donald O. Wolford was injured in the course of his employment while operating a vehicle owned by his employer. Travelers Insurance Company, the insurer of the vehicle, acknowledged liability for payment of personal protection insurance benefits, but in computing those benefits subtracted the amounts which Wolford received as social security disability benefits and worker's compensation benefits. Wolford brought an action against Travelers for a declaratory judgment that the set-off provision of the no-fault act which allows subtraction of government benefits from no-fault benefits is unconstitutional. The Berrien Circuit Court, Chester J. Byrns, J., granted summary judgment to the plaintiff. Travelers appeals. *Held:*

1. The set-off provision is a rational promotion of legitimate legislative objectives and does not violate the constitutional guarantee of equal protection.

2. Social security disability benefits and worker's compensation benefits are benefits provided under the laws of the state and Federal governments and are, therefore, the type of benefits contemplated by the statutory set-off provision.

Reversed, and summary judgment is entered in favor of the defendant.

1. INSURANCE — NO-FAULT INSURANCE — REDUCTION OF BENEFITS — CONSTITUTIONAL LAW — EQUAL PROTECTION — STATUTES.

The differing treatment in the no-fault insurance act of recipients of private health or accident benefits and recipients of government benefits in reducing no-fault benefits is supported by a rational basis and does not violate the constitutional guarantee of equal protection; the distinction rationally promotes the legislative objectives of enabling persons with economic needs or wages exceeding the maximum benefits permitted under the no-fault act to obtain the supplemental coverage they need and of placing the burden of such extra coverage directly on those

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] New Topic Service Am Jur 2d, No-Fault Insurance § 22.

persons (US Const, Am XIV; Const 1963, art 1, § 2, MCL 500.3109[1]; MSA 24.13109[1]).

2. INSURANCE — NO-FAULT INSURANCE — REDUCTION OF BENEFITS — STATUTES.

Social security disability benefits and worker's compensation benefits are benefits provided under the laws of the state and Federal governments and are, therefore, to be set off against no-fault insurance personal protection benefits payable to an injured person who is entitled to benefits from all three sources as a result of injuries received in an accident involving a vehicle owned by the injured person's employer (MCL 500.3109[1]; MSA 24.13109[1]).

*Fisher, Troff & Fisher* (by *Roger Alan Petzke),* for defendant.

Before: D. F. WALSH, P.J., and M. J. KELLY and E. F. OPPLIGER,* JJ.

E. F. OPPLIGER, J. This appeal involves the statutory set-off for governmental benefits against personal protection insurance benefits under the no-fault act. MCL 500.3109(1); MSA 24.13109(1).

## FACTS

Plaintiff-appellee filed a complaint for declaratory judgment alleging that he was injured in the course of the operation of a vehicle owned by his employer. Defendant-appellant was the no-fault auto insurance carrier for the vehicle. Plaintiff alleged that defendant acknowledged liability for personal protection insurance benefits, but in the computation of such benefits subtracted those amounts received by plaintiff in the form of social security disability benefits and workers' disability compensation benefits. Plaintiff sought a ruling

---

* Circuit judge, sitting on the Court of Appeals by assignment.

that the statutory set-off provision of the no-fault act is unconstitutional as it denies plaintiff equal protection of the laws.

Plaintiff moved for and was granted summary judgment primarily on the strength of this Court's decision in *O'Donnell v State Farm Mutual Automobile Ins Co,* 70 Mich App 487; 245 NW2d 801 (1976). This Court extended the time for defendant's appeal until after the Michigan Supreme Court's decision in *O'Donnell v State Farm Mutual Automobile Ins Co,* 404 Mich 524; 273 NW2d 829 (1979). Of course, the Supreme Court's reversal in *O'Donnell* bears great weight in determining the outcome of this case.

## Issue

At issue is that portion of the Michigan no-fault insurance act, MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.,* providing for the reduction of the otherwise payable no-fault insurance benefits by the amount of benefits payable to a beneficiary by the state or Federal government. MCL 500.3109(1); MSA 24.13109(1) provides:

"Benefits provided or required to be provided under the laws of any state or the federal government shall be subtracted from the personal protection insurance benefits otherwise payable for the injury."

This provision was attacked in the *O'Donnell* case on the grounds that it impermissibly provided unequal treatment between an insured receiving private benefits and another insured receiving government benefits. Section 3109(1) provides for a set-off of government benefits but not of private benefits such as private health or accident insurance benefits.

*O'Donnell* upheld the constitutionality of § 3109(1), finding that the Legislature's judgment in differentiating between public and private benefits is supported by a rational basis. Specifically, the Court found:

"This distinction rationally promotes the legitimate legislative objectives of enabling persons with economic needs and/or wages exceeding the maximum benefits permitted under the No-Fault Act to obtain the supplemental coverage they need and of placing the burden of such extra coverage directly on the shoulders of those persons, instead of spreading it throughout the ranks of no-fault insureds." 404 Mich at 537-538.

Further, the Court in *O'Donnell* was asked to determine whether social security survivor's benefits were of a type required to be set-off under § 3109(1). *O'Donnell* held that a set-off was required. Specifically limiting the holding to the facts of that case, the Court said:

"We conclude that § 3109(1) does require a set-off of these government benefits but is not arbitrary because the benefits are paid as a result of the same accident and duplicate in varying degrees the no-fault benefits otherwise due. All persons who receive redundant government survivors' benefits arising from one accident are treated the same and all are guaranteed a maximum survivor's loss benefit of $1,000 per month for three years. It therefore does not violate the Due Process Clause of the state or Federal Constitutions." 404 Mich at 538.

We now come to the question of whether the social security disability benefits and worker's disability compensation benefits involved in this case are distinguishable from social security survivor's benefits in any way that would render § 3109(1)

unconstitutional as it applies to the former. We hold that they are not.

Social security disability benefits and worker's compensation benefits are "benefits provided * * * under the laws of any state or the federal government". Further, they are paid as a result of the same accident and serve substantially to compensate the same loss. In *O'Donnell* the Supreme Court found that the Legislature intended, by way of the set-off provision, to avoid duplicative recovery "and thereby reduce or contain the cost of basic insurance". 405 Mich at 544. We find that the Legislature's intention applies equally to the benefits here in question.

In light of the Supreme Court's decision in *O'Donnell, supra,* we hold that § 3109(1) is constitutional and that it requires the set-off of social security disability benefits and worker's disability compensation benefits received for an injury against the amount of no-fault personal protection benefits otherwise payable for the same injury.

Accordingly, the trial court's grant of summary judgment in favor of plaintiff is reversed and summary judgment is entered in favor of defendant. GCR 1963, 117.2(1).

No costs, a public question being involved.