AVON TOWNSHIP v STATE BOUNDARY COMMISSION

Docket No. 78-4249. Submitted October 10,1979, at Lansing.—Decided April 21, 1980. Leave to appeal applied for.

The City of Rochester petitioned the State Boundary Commission requesting the annexation of several square miles of Avon Township. The township opposed the petition, and prior to a public hearing on the petition the township and several individual taxpayers filed a complaint in Ingham Circuit Court seeking to reverse the commission's decision that it had jurisdiction to proceed on the petition. While the action was pending the commission approved the petition and ordered the annexation, after which the circuit court ordered the matter held in abeyance pending resolution of a similar case in the Supreme Court. Avon Township was formally incorporated as a charter township prior to the circuit court's decision. Prior to final incorporation the township moved to dismiss the annexation proceedings, claiming exemption as a charter township. Subsequently, the Ingham Circuit Court, Jack W. Warren, J., dismissed the plaintiffs' complaint and ordered the annexation to take place. Plaintiffs appeal, contending that an amendment to the charter township act should be applied retroactively so that, because Avon Township had proceedings for becoming a charter township pending at the time of the amendment, the township would be exempt from the annexation proceedings. *Held:*

1. The Legislature clearly intended to create a cut-off date of

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Statutes § 343.

[2] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 57-62.

[3] 73 Am Jur 2d, Statutes §§ 145, 146.

[4] 73 Am Jur 2d, Statutes § 347 *et seq.*

[5] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 41.

[6] 2 Am Jur 2d, Administrative Law §§ 434 *et seq., * 553 *et seq.*

[6, 7] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 70 *et seq.*

[8] 2 Am Jur 2d, Administrative Law § 482.

[9] 5 Am Jur 2d, Appeal and Error § 553.

June 15, 1978, after which annexation of property in a charter township by a contiguous city or village would be considerably limited. There is nothing in the act to indicate that the Legislature intended it to be applied retroactively.

2. The trial court did not err in affirming the Boundary Commission's decision. The commission's decision was supported by competent, material and substantial evidence on the record.

3. The Boundary Commission properly considered the future effect of its decision on the area affected.

4. Plaintiffs have not shown any prejudice to a substantial right.

5. The petition for annexation was properly found to be legally sufficient.

Affirmed.

1. STATUTES — AMENDMENT OF STATUTES.

An amendment to a specific section of a statute strikes the former section from the law; the original section ceases to exist and is superseded as if the subsequent amendment had always been there.

2. BOUNDARIES — STATUTES — TOWNSHIPS — ANNEXATION.

The intent of the Legislature in the 1978 amendment of a statute governing annexation of property in a charter township is clear and unambiguous: after June 15, 1978, the annexation of property in a charter township by a contiguous city or village was considerably limited (MCL 42.34; MSA 5.46[34]).

3. STATUTES — CONSTRUCTION — INTERPRETATION.

The cardinal rule of statutory construction is to ascertain and give effect to the intention of the Legislature; where a statute is plain and unambiguous it is not subject to interpretation.

4. STATUTES — RETROACTIVITY — PROSPECTIVITY.

Generally, statutes are prospective in their operation except in such cases as the contrary clearly appears from the context of the statute itself.

5. BOUNDARIES — VESTED RIGHTS — PLACEMENT OF BOUNDARIES.

No individual or municipality has a vested right or interest in the placement of municipal boundaries.

6. BOUNDARIES — BOUNDARY COMMISSION — ADMINISTRATIVE LAW — STATUTES.

A trial court's review of a decision of the Boundary Commission

is governed by the Administrative Procedures Act; the trial court is to determine whether the commission's decision is supported by competent, material and substantial evidence on the record (MCL 24.306; MSA 3.560[206]).

7. BOUNDARIES — BOUNDARY COMMISSION — ANNEXATION — FUTURE EFFECT.

The Boundary Commission, in determining whether an annexation shall be approved, is obligated to consider, among other things, the future effect its decision may have on the area concerned, including such factors as past and probable future urban growth, probable future needs for services, probable effect of the proposed annexation on the cost and adequacy of services, and the probable increase in taxes.

8. ADMINISTRATIVE LAW — AGENCY ORDERS — PREJUDICE — STATUTES.

An agency's order will not be set aside as unlawful because it is violative of procedures under the Administrative Procedures Act where a party has not shown prejudice to a substantial right (MCL 24.306; MSA 3.560[206]).

9. APPEAL — ARGUMENTS NOT RAISED BELOW.

The Court of Appeals will not review arguments raised for the first time on appeal.

*Patterson & Patterson, Whitfield, Manikoff, Ternan & White,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Milton I. Firestone* and *Christopher J. Dembowski,* Assistants Attorney General, for the State Boundary Commission.

*Louis C. Andrews, Jr.,* and *Arthur R. Cox,* for the City of Rochester.

Before: R. B. BURNS, P.J., and D. E. HOLBROOK, JR., and P. J. GLENNIE,* JJ.

P. J. GLENNIE, J. Plaintiff Township of Avon

---

* Circuit judge, sitting on the Court of Appeals by assignment.

appeals as of right the decision of the trial court affirming the Michigan State Boundary Commission's approval of the City of Rochester's petition for annexation of approximately 22 square miles of Avon Township, located in Oakland County.

On May 2, 1974, the city filed a petition for annexation, requesting that part of Avon Township be annexed to the City of Rochester, which is a home rule city.

On October 16, 1974, the Boundary Commission declared the petition legally sufficient and held that it had jurisdiction to proceed over the objections of Avon Township. The township claimed the petition before the Boundary Commission should be dismissed because it was in violation of § 9(6) of the home rule cities act, 1909 PA 279; MCL 117.1 *et seq.;* MSA 5.2071 *et seq.,* in that it was filed within two years of consideration of and decision on a previous annexation petition involving exactly the same area.

A public hearing was set for December 3, 1974, to consider the merits of the city's petition. Prior to such hearing plaintiffs filed a complaint with the Ingham County Circuit Court seeking to reverse the decision of the Boundary Commission, and subsequently the parties stipulated that such litigation be held in abeyance until the Boundary Commission entered its final order with respect to the city's petition for annexation and that any annexation ordered by the commission would not be effective until ordered by the circuit court.

The Boundary Commission issued its summary of proceedings, findings of fact, and order on January 27, 1976. Such order approved the petition and ordered the annexation. Over the objection of plaintiffs, the trial court ordered that the matter be held in abeyance pending resolution of *Midland*

*Twp v State Boundary Comm,* which was then pending before the Michigan Supreme Court. *Midland Twp v State Boundary Comm,* 401 Mich 641; 259 NW2d 326 (1977).

On March 20, 1978, defendant city moved for summary judgment under GCR 1963, 117.2(1) and (3) and plaintiffs sought summary judgment on June 1, 1978, under GCR 1963, 117.2(3).

On June 7, 1978, the Avon Township Board adopted a resolution of intent to incorporate pursuant to MCL 42.3a; MSA 5.46(3a), and was formally incorporated as a charter township on August 24, 1978. Prior to final incorporation, plaintiffs again moved to dismiss the annexation proceedings, claiming exemption as a charter township under 1978 PA 242.

In an opinion rendered September 11, 1978, the trial court affirmed the action of the Boundary Commission and dismissed plaintiffs' complaint by order dated September 21, 1978. Plaintiffs filed a claim of appeal on October 11, 1978.

An amended order of the trial court, signed and filed November 29, 1978, made the annexation effective at midnight, November 28-29, 1978. This Court stayed the annexation pending appeal by order dated December 5, 1978.

The township and the individual plaintiffs contend that the annexation ordered by the Boundary Commission should not take effect because 1978 PA 242; MCL 42.34; MSA 5.46(34), amending § 34 of the charter township act, 1947 PA 359; MCL 42.1 *et seq.;* MSA 5.46(1) *et seq.,* is procedural in nature and should be retroactively applied to annexations finalized before the June 15, 1978, effective date of that act.

Plaintiffs additionally contend that the January 26, 1976, Boundary Commission order approving

the annexation of Avon Township to the City of Rochester should be dismissed for two reasons: (1) The subject annexation was a "pending" annexation matter as defined by § 2 of the amendatory statute, thereby exempting Avon Township from annexation; and (2) Avon Township was a township with "statutory proceedings pending to become a charter township on the effective date of [the] act", as defined by § 2 of the amendatory statute, thereby exempting Avon Township from annexation.

The amendatory statute (1978 PA 242) to the charter township act provided that charter townships were exempted from annexation as follows:

"Sec. 34. (1) Any charter township existing on the effective date of this act and any township thereafter incorporated as a charter township that complies with the following standards, shall be exempt from annexation to any contiguous city except as provided in subsections (2), (3), (4), (5), (6), (7), and (8):

"(a) Has a state equalized valuation of not less than $25,000,000.

"(b) Has a minimum population density of 150 persons per square mile to be determined by the secretary of state by dividing the most recent regular or special census of population by the number of square miles then under the jurisdiction of the charter township not to include the population or territory within the jurisdiction of an incorporated village.

"(c) Provided fire protection service by contract or otherwise.

"(d) Is governed by a comprehensive zoning ordinance or master plan.

"(e) Provides solid waste disposal services to township residents, within or without the township, by contract, license or municipal ownership.

"(f) Provides water and or sewer services by contract or otherwise.

"(g) Provides police protection through contract with

the sheriff in addition to normal sheriff patrol or through its own police department."

Plaintiffs contend that 1978 PA 242 became effective June 15, 1978, after the Boundary Commission order, but before the circuit court opinion affirming the annexation.

Section 2 of Act 242 provided:

"This Act shall take immediate effect and shall apply to all annexation matters pending before the Michigan state boundary commission *which have not, as yet, been decided by said commission,* and *shall also apply to a township that has statutory proceedings pending to become a charter township on the effective date of this act."* (Emphasis supplied.)

Section 2 of 1978 PA 242 was entirely eliminated by 1978 PA 591; MCL 42.34; MSA 5.46(34), effective January 4, 1979. Such subsequent amendment kept intact with only minor changes the substantive provisions quoted earlier in this opinion, however.

It is the rule of statutory construction that an amendment to a specific section of a previous statute strikes the former section from the law, obliterating it completely *Rookledge v Garwood,* 340 Mich 444, 455; 65 NW2d 785 (1954). Once amended, the original section "ceases to exist" and is superseded as if the subsequent amendment had always been there. *Ballog v Knight Newspapers, Inc,* 381 Mich 527, 537-540; 164 NW2d 19 (1969).

In amending 1947 PA 359, § 34 twice in the same year the intent of the Legislature is clear and unambiguous. The Legislature intended a cut-off date of June 15, 1978, after which the annexation of property in a charter township by a contiguous city or village would be considerably limited.

The principle of statutory construction applicable where no ambiguity exists has been determined by the Supreme Court in *City of Lansing v Lansing Twp,* 356 Mich 641, 648-649; 97 NW2d 804 (1959), as follows:

> " 'The cardinal rule of statutory construction is to ascertain and give effect to the intention of the [L]egislature. If the language of a statutory provision is unambiguous, the intent must be determined accordingly.' [citing *Melia v Employment Security Comm,* 346 Mich 544, 562; 78 NW2d 273 (1956).]
>
> "A statute is not open to construction as a matter of course, but only where the language used in the statute requires interpretation—where it is ambiguous or where 2 or more constructions can be placed upon it, where it is of such doubtful or obscure meaning that reasonable minds might be uncertain or disagree as to its meaning. 'A plain and unambiguous statute is to be applied, and not interpreted, since such a statute speaks for itself, and any attempt to make it clearer is a vain labor and tends only to obscurity.' 50 Am Jur, Statutes, § 225, p 207.
>
> "The express wording of the statute in this case does not fall within the above provisions so as to justify judicial interpretation. Certainly it is plain, unambiguous and not subject to different interpretations by 2 reasonable minds. It is clear, definite, and would be easily understood by even those not trained in the law. The language of this statute, therefore, leaves no room for judicial construction."

The language indicated above aptly describes the statutory language in the instant appeal.

Since § 2 of 1978 PA 242 does not apply to finalized Boundary Commission determinations, it is irrelevant whether Avon Township was a township with statutory incorporation proceedings pending at the effective date of the act. Plaintiffs contend that the provision of § 2 of the act relating

to "pending" matters should be read to operate independently of the provision relating to pending charter townships. This would lead to the anomalous result, however, that inchoate charter townships would be exempted from the act even though their annexation matters had been fully resolved, while existing charter townships with similarly finalized annexation matters would not be exempted from the act.

Although the law is clearly stated with respect to whether a statute should be applied retroactively or prospectively, its application to the particular facts of the instant appeal is more troublesome. The general rule relative to the retroactive application of statutes is well established and stated in *Briggs v Campbell, Wyant & Cannon Foundry Co,* 2 Mich App 204, 215-216; 139 NW2d 336 (1966), *aff'd,* 379 Mich 160; 150 NW2d 752 (1967):

"The general law as to statutes being prospective or retrospective in nature is found in the case of *In re Davis' Estate,* (1951), 330 Mich 647 [48 NW2d 151], wherein Mr. Justice BOYLES states on pp 651-653, in part as follows:

" ' "We think it is settled as a general rule in this State, as well as in other jurisdictions, *that all statutes are prospective in their operation excepting in such cases as the contrary clearly appears from the context of the statute itself.*

" ' " 'Indeed, the rule to be derived from the comparison of a vast number of judicial utterances upon this subject, seems to be, that, even in the absence of constitutional obstacles to retroaction, a construction giving to a statute a prospective operation is always to be preferred, unless a purpose to give it a retrospective force *is expressed by clear and positive command, or to be inferred by necessary, unequivocal and unavoidable implication from the words of the statute taken by themselves and in connection with the subject matter,*

*and the occasion of the enactment, admitting of no reasonable doubt, but precluding all questions as to such intention.'* Endlich, Interpretation of Statutes, § 271." *Detroit Trust Co v City of Detroit,* 269 Mich 81 [256 NW 811 (1934)].' " (Emphasis in *Briggs.)*

The general rule against retroactivity, however, is qualified, as explained at length in *Hansen-Snyder Co v General Motors Corp,* 371 Mich 480, 484-485; 124 NW2d 286 (1963):

"Intervenors quote from 50 Am Jur, Statutes, § 478, and 50 Am Jur, Statutes, § 482, for the general proposition that absent a clearly expressed legislative intent to the contrary it is to be presumed that the legislature intended an enactment to have prospective effect only. It is to be observed, however, that this is stated therein to be especially true when giving a statute retroactive operation will interfere with an existing contract, destroy a vested right, create a new liability in connection with a past transaction, or invalidate a defense which was good when the statute was passed. A retrospective law is therein defined as one which takes away or impairs vested rights, creates a new liability, imposes a new duty or attaches a new disability in respect to transactions or considerations already past. Such is not the situation at bar. Applicable rather, is the language from the latter American Jurisprudence citation that 'remedial statutes, or statutes related to remedies or modes of procedure, which do not create new or take away vested rights, but only operate in furtherance of a remedy or confirmation of rights already existing, do not come within the legal conception of retrospective law, or the general rule against retrospective operation of statutes. To the contrary, the statutes or amendments pertaining to procedure are generally held to operate retrospectively, where the statute or amendment does not contain language clearly showing a contrary intention. Indeed, in the absence of any savings clause, a new law changing a rule of practice is generally regarded as applicable to all cases then pending. * * * Sometimes the rule is stated in the form

that, when a new statute deals with procedure only, prima facie, it applies to all actions—those which have accrued or are pending and future actions.' Here plaintiffs already had the statutory right to acquire a lien. No right vested in intervenors or anyone else to have the time for serving notice of intent or filing the lien limited to 60 rather than 90 days. The amendment in that regard did not affect vested or substantive rights but pertained solely to procedure for effectuating the statutory right already existing. No vested right can exist to keep statutory procedural law unchanged and free from amendment."

There is nothing in 1978 PA 591 which would indicate any legislative intent that this act was intended to allow townships to attack Boundary Commission decisions which have become finalized. As previously stated, 1978 PA 591 might, in the future, deprive the Boundary Commission of jurisdiction with respect to certain annexation matters, but it cannot be used to attack a decision of the commission that was lawfully made. It is clear that no individual or municipality has a vested right or interest in the placement of municipal boundaries of the state. *Midland Twp v State Boundary Comm,* 401 Mich 641; 259 NW2d 326 (1977).

The trial court declined to apply 1978 PA 242 on the basis that the court's review of the Boundary Commission's order was limited by § 106 of the Administrative Procedures Act of 1969, 1969 PA 306, § 106; MCL 24.306; MSA 3.560(206). The trial court properly noted that such review is not in the nature of a *de novo* determination; based on the record the court must determine whether the Boundary Commission's order was unlawful and arbitrary at the time of such decision.

The plaintiffs also contend the trial court erred in its review and affirmance of the Boundary

Commission's decision approving annexation. Specifically, plaintiffs assert the findings of the Boundary Commission were inadequate and conclusory, and the procedures utilized were unlawful.

A trial court's review of a final decision of the Boundary Commission is governed by the Administrative Procedures Act of 1969, 1969 PA 306; MCL 24.201 *et seq.;* MSA 3.560 (101) *et seq.,* as incorporated by reference in the act creating the Boundary Commission, 1968 PA 191, § 18; MCL 123.1018; MSA 5.2242(18). Under the provisions of MCL 24.304; MSA 3.560(204), review is "conducted by the court without a jury and shall be confined to the record". In addition, courts are instructed by statute as follows:

"Sec. 106. (1) Except when a statute or the constitution provides for a different scope of review, the court shall hold unlawful and set aside a decision or order of an agency if substantial rights of the petitioner have been prejudiced because the decision or order is any of the following:

"(a) In violation of the constitution or a statute.

"(b) In excess of the statutory authority or jurisdiction of the agency.

"(c) Made upon unlawful procedure resulting in material prejudice to a party.

"(d) Not supported by competent, material and substantial evidence on the whole record.

"(e) Arbitrary, capricious or clearly an abuse or unwarranted exercise of discretion.

"(f) Affected by other substantial and material error of law.

"(2) The court, as appropriate, may affirm, reverse or modify the decision or order or remand the case for further proceedings." MCL 24.306; MSA 3.560(206).

The Michigan Supreme Court, in *Midland Twp v State Boundary Comm,* 401 Mich 641, 672-674; 259

NW2d 326 (1977), elucidated at length upon judicial review of annexation orders:

"The Administrative Procedures Act provides for judicial review of errors of law and, paralleling the constitutional provision, for a determination whether the administrative action is supported by 'competent, material and substantial evidence on the whole record'. MCL 24.306(d); MSA 3.569(206)(d).

"The key phrase 'substantial evidence' has been construed by this Court to require

" 'a thorough judicial review of administrative decision, a review which considers the whole record—that is, both sides of the record—not just those portions of the record supporting the findings of the administrative agency. Although such a review does not attain the status of *de novo* review, it necessarily entails a degree of qualitative and quantitative evaluation of evidence considered by an agency. Such review must be undertaken with considerable sensitivity in order that the courts accord due deference to administrative expertise and not invade the province of exclusive administrative fact-finding by displacing an agency's choice between two reasonably differing views. Cognizant of these concerns, the courts must walk the tightrope of duty which requires judges to provide the prescribed meaningful review.' *Michigan Employment Relations Commission v Detroit Symphony Orchestra, Inc,* 393 Mich 116,124; 223 NW2d 283 (1974).

\* \* \*

"Resolution of a controverted annexation unavoidably involves political considerations and the exercise of a large measure of discretion. Evaluation of the record and of the commission's balancing of the criteria and determination of reasonableness implicates the merits of the proposed annexation and poses considerable risk of drawing the judiciary into the resolution of what continues to be—despite the adoption of the administrative format—essentially a political question.

"No vested right or legally protected interest being involved, the judiciary ought to be especially circum-

spect in reviewing commission rulings and determinations."

The trial court affirmed the commission's order as follows:

"Recognizing the political nature of the instant dispute, and after reviewing the record and opinion of the Boundary Commission in the instant case, this Court determines that such order was not unlawful nor arbitrary, but was based on the consideration of material presented to the Boundary Commission at the time of the original decision. Whether this Court's opinion would be the same as that rendered by the Boundary Commission in the present case, is irrelevant to the resolution of the instant issue. Rather, as appellate review tribunal, this Court must limit its review to the record and is limited in scope by MCL 24.306, cited above."

We affirm the trial judge for several reasons. First, the decision of the Boundary Commission is supported by competent, material and substantial evidence on the record. Second, plaintiffs' contention that the findings are "conclusionary" and therefore inadequate finds no support in the case law or statutes; and third, plaintiffs' contention that the Boundary Commission disregarded a substantial portion of the record is also rejected. Specifically, *Midland Twp, supra,* cautioned as follows:

" 'Such review must be undertaken with considerable sensitivity in order that the courts accord due deference to administrative expertise and not invade the province of exclusive administrative fact-finding by displacing an agency's choice between two reasonably differing views.' " 401 Mich 641, 673; 259 NW2d 326 (1977), quoting *Michigan Employment Relations Comm v De-*

*troit Symphony Orchestra, Inc,* 393 Mich 116, 124; 223 NW2d 283 (1974).

Plaintiffs further argue that the Boundary Commission based its decision to annex on "speculation and further hopes", thereby exceeding the scope of its authority.

The Boundary Commission is obligated to consider in its deliberations the future effect its decision may have on the area concerned. The criteria to be considered by the Boundary Commission in determining whether an annexation shall be approved are set forth in MCL 123.1009; MSA 5.2242(9):

"Criteria to be considered by the commission in arriving at a determination shall be:

"(a) Population; population density; land area and land uses; assessed valuation; topography, natural boundaries and drainage basins; the *past and probable future urban growth,* including population increase and business, commercial and industrial development in the area. Comparative data for the incorporating municipality, and the remaining portion of the unit from which the area will be detached shall be considered.

"(b) Need for organized community services; the present cost and adequacy of governmental services in the area to be incorporated; the *probable future needs for services;* the practicability of supplying such services in the area to be incorporated; the *probable effect of the proposed incorporation* and of alternative courses of action *on the cost and adequacy of services* in the area to be incorporated and on the remaining portion of the unit from which the area will be detached; *the probable increase in taxes* in the area to be incorporated in relation to the benefits expected to accrue from incorporation; and the financial ability of the incorporating municipality to maintain urban type services in the area.

"(c) The general effect upon the entire community of

the proposed action; and the relationship of the proposed action to any established city, village, township, county or regional land use plan." (Emphasis supplied.)

Plaintiffs' objection with respect to the Boundary Commission's forward-looking approach and abuse of discretion is groundless.

Plaintiffs have failed to show they are entitled to complain about unlawful procedures of the Boundary Commission in that they have not alleged any judicially cognizable prejudice. Pursuant to *Midland Twp, supra,* no person or township has any vested right to or legally protected interest in the boundaries of governmental units, irrespective of inconveniences and burdens that may attend a change in those boundaries. Hence, plaintiffs have not shown prejudice to a substantial right, a showing which is required by § 106 of the Administrative Procedures Act of 1969, 1969 PA 306, § 106; MCL 24.306; MSA 3.560(206), before an agency's order will be set aside as unlawful.

Plaintiffs also allege error with respect to the annexation petition, claiming such petition should have been dismissed as required by § 9 of the home rule cities act because it was filed within two years of a previous annexation petition involving the same area.

A petition for annexation by the City of Rochester, involving all of Avon Township, was filed with the County Board of Supervisors in 1967, but was delayed pending Avon Township's incorporation proceedings, which were not terminated until November 3, 1972. The petition to annex was filed on September 29, 1971, and was denied by the Boundary Commission on July 16, 1973. The annexation petition which is the subject of the instant appeal was filed on May 2, 1974.

It is the contention of Avon Township that the

annexation petition originally filed in 1967 and delayed by a pending incorporation petition until November 3, 1972, had the effect of barring the Boundary Commission from considering the annexation petition in question here. In support of this contention, Avon Township relies on § 9(6) of the home rule cities act, 1909 PA 279, § 9(6); MCL 117.9(6); MSA 5.2088(6), which provides as follows:

"(6) The commission shall reject a petition or resolution for annexation of territory which includes all or any part of the territory which was described in any petition or resolution for annexation *filed within the preceding 2 years* and which was denied by the commission or was defeated in an election pursuant to subsection (5)."

There is no ambiguity in the statute. Where the meaning of language is plain and unambiguous, it is not necessary to reach strained interpretations; all that is required is that the statute simply be applied as written. *Dussia v Monroe County Employees Retirement System,* 386 Mich 244; 191 NW2d 307 (1971), *Gregory Boat Co v Detroit,* 37 Mich App 673; 195 NW2d 290 (1972). It is a basic principle of statutory construction that ordinary words are given their ordinary meaning absent a clear legislative intent to the contrary. *People v Smith,* 246 Mich 393; 224 NW 402 (1929). The Boundary Commission committed no error of law in finding the petition legally sufficient.

Plaintiffs' final issue raises the question whether the "Headlee" tax amendment, Const 1963, art 9, §§ 25-34, has the effect of invalidating this annexation without a vote of the electors in the area subject to annexation.

This issue is not properly before this Court. The Court of Appeals does not review arguments raised

for the first time on appeal. *Magreta v Ambassador Steel Co,* 380 Mich 513; 158 NW2d 473 (1968), *Walls v Director of Institutional Services,* 84 Mich App 355; 269 NW2d 599 (1978).

In addition, although the annexation has not yet been implemented, the Boundary Commission's decision ordering annexation was finalized nearly three years prior to the effective date of the Headlee amendment. Nowhere in the amendment is there any expression of intent that it be applied retroactively.

The plaintiffs raise other issues which do not merit discussion or decision.

The judgment of the trial court is affirmed and the stay order issued in December 1978 is dissolved.

No costs, a public question being involved.