PEREZ v STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY

Docket No. 49723. Submitted December 9, 1980, at Lansing.—Decided
April 8, 1981. Leave to appeal applied for.

Herminio Perez, Matilde Perez, and Emilio P. Lopez brought an
action against State Farm Mutual Automobile Insurance Com-
pany and Aetna Casualty & Surety Company for injuries
received in an automobile accident. Plaintiffs and defendant
Aetna Casualty moved for summary judgment. Defendant State
Farm moved for accelerated judgment. Ingham Circuit Court,
James R. Giddings, J., denied State Farm's motion, granted
plaintiffs' and Aetna's motions, and ordered State Farm to pay
benefits to plaintiffs without deducting an amount equal to
workers' compensation benefits required by law. State Farm
appeals. *Held:*

The trial court erred in ruling that State Farm was not
entitled to subtract workers' compensation benefits which are
required to be provided by law. Defendant is entitled by statute
to a setoff equal to the amount of such benefits regardless of
whether the benefits were paid in fact to plaintiffs.

Reversed.

T. M. Burns, P.J., dissented. He would hold that under the
no-fault act a defendant is entitled to set off personal protection
benefits under the Worker's Disability Compensation Act only
where such benefits are actually received by the plaintiff. He
would affirm.

Opinion of the Court

1. Workers' Compensation — Subtraction of Benefits — Personal
Protection Insurance Benefits — Statutes.

Benefits provided or required to be provided under the laws of

References for Points in Headnotes
[1, 4, 5] 7 Am Jur 2d (Rev), Automobile Insurance § 368.
82 Am Jur 2d, Workmen's Compensation § 364.
Validity and construction of "no-fault" automobile insurance plans.
42 ALR3d 229.
[2, 3] 73 Am Jur 2d, Statutes §§ 145, 146, 196, 199.

any state or the Federal government, such as Michigan workers' compensation benefits, as compensation for an injury, must be subtracted from personal protection benefits otherwise payable for the injury under the no-fault act (MCL 500.3109[1]; MSA 24.13109[1]).

2. STATUTES — JUDICIAL CONSTRUCTION.

A statute is to be applied by a court as written, and judicial interpretation of the statute is impermissible where the Legislature has made its intent known through the clear, explicit, and unambiguous language of the statute.

3. STATUTES — JUDICIAL CONSTRUCTION — CONSTITUTIONAL LAW.

The judicial branch of government is not empowered by the constitution to nullify a clear and unambiguous act of the Legislature unless it determines that the act is unconstitutional; where a statute is unfair, unreasonable, or unwise, any remedy lies with the Legislature, and a court must apply the statute as written.

4. INSURANCE — NO-FAULT INSURANCE — WORKER'S DISABILITY COMPENSATION ACT — SUBTRACTION OF BENEFITS — STATUTES.

A defendant who is found liable to pay personal protection insurance benefits under the no-fault act may deduct an amount equal to workers' compensation benefits required to be provided under Michigan law notwithstanding the fact that no such benefits were in fact paid to the plaintiff (MCL 418.101 *et seq.*, 500.3109[1]; MSA 17.237[101] *et seq.*, 24.13109[1]).

DISSENT BY T. M. BURNS, P.J.

5. INSURANCE — NO-FAULT INSURANCE — WORKER'S DISABILITY COMPENSATION ACT — SUBTRACTION OF BENEFITS — STATUTES.

*The no-fault act should be held to require a setoff of benefits to which a plaintiff is entitled under the Worker's Disability Compensation Act only where such benefits are actually received by the plaintiff (MCL 418.101 et seq., 500.3109[1]; MSA 17.237[101] et seq., 24.13109[1]).*

*Abood & Abood, P.C.* (by *William E. Rheaume),* for plaintiffs.

*Fraser, Trebilcock, Davis & Foster, P.C.* (by *Everett R. Trebilcock* and *Joel E. Dowley),* for defendant.

Before: T. M. BURNS, P.J., and ALLEN and D. F. WALSH, JJ.

D. F. WALSH, J. Plaintiffs brought an action for no-fault automobile insurance benefits. Summary judgment was granted in plaintiffs' favor against defendant State Farm Mutual Automobile Insurance company. Accelerated judgment was granted in favor of defendant Aetna Casualty & Surety Company. Defendant State Farm, hereinafter defendant, brings this appeal.

In the spring of 1979, plaintiffs, employees of International Mini-Plaza, Inc., were driving to Detroit in a vehicle insured by defendant. They were involved in a collision with a semitrailer and sustained serious injuries. The corporation employing plaintiffs did not carry any workers' compensation insurance. Plaintiffs submitted claims for personal protection insurance benefits from defendant for approximately $85,000 in medical expenses and lost wages. Defendant denied liability, and plaintiffs filed suit. Both parties filed motions for summary judgment. The circuit court granted plaintiffs' motion.

The court ruled that defendant was not entitled, under § 3109(1) of the no-fault act, MCL 500.3109(1); MSA 24.13109(1), to subtract workers' compensation benefits which are "required to be provided" under the provisions of the Worker's Disability Compensation Act, MCL 418.101 et seq.; MSA 17.237(101) et seq., but which remained unpaid from the personal protection insurance benefits otherwise payable for plaintiffs' injuries. At issue in this appeal is the propriety of that ruling. We hold that the defendant was entitled to the setoff and reverse.

MCL 500.3109(1); MSA 24.13109(1), provides:

"Benefits provided or required to be provided under the laws of any state or the federal government shall be subtracted from the personal protection insurance benefits otherwise payable for the injury."

Workers' compensation benefits are "benefits provided or required to be provided" under Michigan law. *Mathis v Interstate Motor Freight System,* 408 Mich 164, 186; 289 NW2d 708 (1980), *Wolford v Travelers Ins Co,* 92 Mich App 600, 604; 285 NW2d 383 (1979).

Plaintiffs argue that a setoff should not be allowed in this case because no benefits were actually paid. Plaintiffs' theory is that since the purpose of § 3109(1) is to avoid duplication of benefits, *O'Donnell v State Farm Mutual Automobile Ins Co,* 404 Mich 524, 544; 273 NW2d 829 (1979), the setoff provision of that statute is not applicable unless failure to apply it would result in an actual duplication of benefits. This theory ignores the plain meaning of the statutory language.

The most basic rule of statutory construction is that judicial interpretation of a statute is impermissible where the Legislature makes its intent known in the clear, explicit, and unambiguous language of the statute. In such a case the statute is to be applied as written.

"If the language employed in a statute is plain, certain and unambiguous, a bare reading suffices and no interpretation is necessary." *Grand Rapids v Crocker,* 219 Mich 178, 182; 189 NW 221 (1922).

"It is a cardinal rule that the legislature must be held to intend the meaning which it plainly expressed, and in such cases there is no room for construction, or attempted interpretation to vary such meaning." *MacQueen v City Comm of Port Huron,* 194 Mich 328, 342; 160 NW 627 (1916).

See also *Dussia v Monroe County Employees*

*Retirement System,* 386 Mich 244; 191 NW2d 307 (1971), *Avon Twp v State Boundary Comm,* 96 Mich App 736; 293 NW2d 691 (1980), *Cronin v Minster Press,* 56 Mich App 471; 224 NW2d 336 (1974).

In the present case, the terms of § 3109(1) are clear and unambiguous. When this appeal was argued orally before this Court, counsel for plaintiffs-appellees acknowledged that there is no ambiguity in the language used by the Legislature and that the meaning of that language is clear. The law grants to the no-fault insurer the right to subtract benefits which are *"required* to be provided" (emphasis supplied) under state or Federal law from PIP benefits otherwise payble. Under Michigan law, workers' disability benefits are required to be paid to these plaintiffs.

Had the Legislature foreseen and carefully considered the facts presented to us in this appeal, it may have provided for a result other than that mandated by the precise language of the statute. Application of the statute here leads to consequences which are tragically unfortunate for the plaintiffs because their employer failed to provide required workers' disability benefits. But the constitution gives us no power to amend legislative enactments. If the statute is unfair, or unreasonable, or unwise, the remedy lies with the Legislature. We have no alternative but to apply the statute as the Legislature wrote it.[1]

We conclude that the trial court erred in its disposition of this case. Defendant should be allowed to subtract from no-fault benefits otherwise payable an amount equal to workers' compensa-

---

[1] The judicial branch of government is not empowered to nullify a clear and unambiguous act of the Legislature unless it determines that the act is unconstitutional. There is no claim that the statutory enactment at issue in this appeal is unconstitutional.

tion benefits required to be provided under Michigan law.

Reversed.

ALLEN, J., concurred.

T. M. BURNS, P.J. *(dissenting).* Respectfully, I dissent.

In *Mays v Ins Co of North America,* 407 Mich 165; 284 NW2d 256 (1979), the Supreme Court addressed an issue somewhat similar to that at bar. In that case, the defendant insurance company argued that it was entitled to offset against its liability to the plaintiff under a disability insurance policy those benefits to which the plaintiff theoretically was entitled but which had not been paid to him under the Workmen's Compensation Act. The insurance policy provision in question stated:

"The Weekly Benefit Amount shall be reduced by the weekly pro-rata portion of any benefits payable under the Workmen's Compensation Act and the primary disability monthly benefit payable under the Federal Social Security Act regardless of actual receipt of such benefit due to the Insured's failure to apply therefor * * *." 407 Mich 170-171.

The Court held that no setoff for workers' compensation benefits could occur under this policy provision unless the benefits were actually paid:

"A setoff of such benefits, even if no application was filed, cannot be countenanced under the instant provision, except when such benefits are actually received." 407 Mich 172.

In spite of the difference between *Mays* and the case at bar, the similarity between them is suffi-

cient to make *Mays* controlling here. The insurance policy in *Mays* clearly provided for a setoff for that portion "of any benefits payable under the Workmen's Compensation Act". This phrase is substantially similar to that contained in MCL 500.3109(1); MSA 24.13109(1) which states that benefits "provided or required to be provided" under the law of any state or the Federal government shall be subtracted from benefits payable under the no-fault automobile insurance act. In this regard, see *Mathis v Interstate Motor Freight System,* 408 Mich 164, 187, 190; 289 NW2d 708 (1980). Further, at least one panel of this Court has held that § 3109(1) of the no-fault act requires a setoff for the amount of workers' compensation benefits *"received* for an injury". *Wolford v Travelers Ins Co,* 92 Mich App 600, 604; 285 NW2d 383 (1979).

Contrary to what the majority believes, I do not believe that the Legislature intended to leave accident victims such as the plaintiffs in the present case without some source of recompense for their injuries. The purpose behind § 3109 of the act is to insure that duplicate benefits are not paid to an accident victim and to coordinate such benefits as the victim may receive. This purpose would not be furthered, rather it would be hindered, by the interpretation given this statute by the majority in this case. Although the majority's opinion cannot said to be without some case law support, see *Moore v Travelers Ins Co,* 475 F Supp 891 (ED Mich, 1979), that opinion works an injustice to employees of employers who have not fulfilled their statutory duty with regard to providing workers' compensation coverage, and it impedes the important policy of this state to provide full and adequate compensation for automobile accident victims. Therefore, I would affirm the lower court.