LUTH v DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE

Docket No. 52980. Submitted December 2, 1981, at Detroit.—Decided
February 17, 1982. Leave to appeal applied for.

Robert Luth, an employee of the United States Postal Service,
was injured when he was pinned between his parked mail
truck, insured by Detroit Automobile Inter-Insurance Ex-
change, and another automobile while delivering mail on his
postal route. Luth elected not to apply for federal workers'
compensation, choosing instead to utilize his accumulated sick
and vacation leave time. He also sought personal protection
insurance benefits from DAIIE, which denied Luth's entitle-
ment to such benefits on the basis of the state law which allows
a no-fault insurer to subtract from personal protection insur-
ance benefits any other benefits provided by state or federal
law. Luth filed suit in Oakland Circuit Court seeking to obtain
the personal protection insurance benefits from DAIIE. He filed
a motion for summary judgment, contending that defendant
had interposed no valid defense. The trial court, Hilda R. Gage,
J., granted partial summary judgment in plaintiff's favor, hold-
ing that, since plaintiff did not receive federal workers' compen-
sation benefits due to his election instead to utilize his sick and
vacation leave time, the benefits he received as a result of this
election were a result of a function and term of plaintiff's
employment contract and not benefits provided or required to
be provided under state or federal law and therefore the
benefits could not be set off against the personal protection
insurance benefits plaintiff was entitled to receive. The court
also held that benefits plaintiff could have received, but did not,
from federal workers' compensation could not be set off against
the personal protection insurance benefits plaintiff was entitled
to receive. Defendant appeals. *Held:*

Defendant is not entitled to subtract wage-loss benefits plain-

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 82 Am Jur 2d, Workmen's Compensation § 365.
[3] [No reference]
[4] 7 Am Jur 2d, Automobile Insurance § 368.
  Validity and construction of "no-fault" automobile insurance plans.
    42 ALR3d 229.

tiff could have received, but did not, from personal protection insurance benefits it is obligated to pay under the no-fault act.

Affirmed.

1. WORKERS' COMPENSATION — SICK PAY — VACATION — SET-OFF.

An insurer or employer generally is not entitled to credit an employee's accrued sick pay and vacation pay against the amount of workers' compensation benefits owed to the employee because the accrued leave time is a contractual benefit earned for past service and is not intended to provide future compensation for work-related injuries.

2. WORKERS' COMPENSATION — ACCRUED LEAVE TIME — SET-OFF.

There is no statutory authority in Michigan which allows an employer or insurer to set off an employee's accrued leave time against compensation benefits due; this is in accordance with the principle that workers' compensation is intended to compensate for a loss of present and future earning capacity as opposed to merely serving as a substitute for lost wages.

3. WORKERS' COMPENSATION — FEDERAL EMPLOYEES — ACCRUED LEAVE TIME — FEDERAL LAW.

Federal workers' compensation law requires most federal employees to consume accrued leave time prior to receiving workers' compensation or to receive workers' compensation immediately, in which case the accrued leave time is frozen and remains on account (5 USC 8118[c]).

4. WORKERS' COMPENSATION — NO-FAULT INSURANCE — FEDERAL AND NONFEDERAL EMPLOYEES — ACCRUED LEAVE TIME — WORKERS' COMPENSATION BENEFITS — INSURANCE BENEFITS.

A Michigan nonfederal employee with an accrued leave plan who is injured during the course of his employment is entitled to receive both his accrued leave and workers' compensation benefits; however, if the work-related injury falls within the ambit of the no-fault automobile insurance act, the no-fault insurer is entitled to deduct the amount of workers' compensation benefits the employee receives from the personal protection insurance wage-loss benefits due the employee, resulting in the employee receiving the balance of his accrued leave benefits and his personal protection insurance benefits; a federal employee in Michigan stands in a different position, however, and, if he elects to use his accrued sick and annual leave time, he does not receive workers' compensation benefits because, under federal law, the federal government is not required to provide

workers' compensation to one of its employees who chooses to exhaust accrued leave time (5 USC 8118[c]).

*Frank R. Langton & Associates, P. C. (by Barry Sigman),* for plaintiff.

*Condit & McGarry, P.C.,* for defendant.

Before: DANHOF, C.J., and BRONSON and J. H. GILLIS, JJ.

BRONSON, J. Plaintiff instituted suit in the Oakland County Circuit Court against defendant, seeking to obtain personal protection insurance (PIP) benefits. Thereafter, plaintiff moved for summary judgment pursuant to GCR 1963, 117.2(2), contending that defendant had interposed no valid defense. On May 28, 1980, the trial court entered an order granting partial summary judgment in plaintiff's favor. From this order, defendant appeals as of right.

The underlying facts of this case are not in dispute. Plaintiff, an employee of the United States Postal Service, was injured when he was pinned between his parked mail truck and another automobile while walking his postal route. At the time of the accident, plaintiff's mail truck was insured by defendant.

Plaintiff elected not to apply for federal workers' compensation wage benefits. Instead, he chose to utilize the large number of sick and vacation days he had accumulated. Pursuant to 5 USC 8118(c), most federal employees may elect to accept accumulated leave time in lieu of workers' compensation.

When plaintiff sought PIP benefits from defendant, defendant demurred on the basis of MCL 500.3109(1); MSA 24.13109(1), which provides:

"Benefits provided or required to be provided under the laws of any state or the federal government shall be subtracted from the personal protection insurance benefits otherwise payable for the injury."

The lower court held that, since the workers' compensation benefits were not paid to plaintiff due to his election, they could not be set off against PIP benefits as they were not "required to be provided by state or federal law".

The question for our resolution is: when an insured is eligible to receive workers' compensation wage-loss benefits under federal law but elects to use sick and vacation leave instead of obtaining compensation benefits, does MCL 500.3109(1); MSA 24.13109(1) of Michigan's no-fault automobile insurance act require that the amount of workers' compensation benefits the insured could have received be set off against PIP benefits otherwise payable because of the injury?[1]

We agree with the trial judge that defendant is not entitled to subtract wage-loss benefits plaintiff could have received from federal workers' compensation, but did not, from PIP wage-loss benefits it is obligated by the no-fault act to provide. On this issue of first impression in Michigan, we concur in the following excerpt from the lower court's excellent opinion in this matter and adopt its rationale as our own:

"*Wage Benefits Plaintiff Could Have Received:* As hereinbefore noted, plaintiff elected after the accident to remain on the active status list with the post office

---

[1] This case originally involved other set-offs also claimed by defendant to be available to it. However, nobody contests the court's disposition of the other issues concerning these set-offs on appeal. Nor at issue is whether defendant can subtract from PIP wage-loss benefits those amounts *actually received by plaintiff,* pursuant to the federal workers' compensation statutes, after plaintiff's accrued leave time was exhausted.

by working part-time and allowing the post office to
deduct the many sick and vacation days he had "stored
up" during his many years with the post office, in lieu
of receiving federal workers' compensation for his inju-
ries.

\* \* \*

"Due to the lack of judicial precedent, the question
can only be resolved by determining the intent of the
Legislature embodied in 3901(b), and by reviewing the
overall policy goals of the no-fault act insofar as they
apply to the facts at bar.

"The two most important objectives of the Legislature
in enacting the no-fault statute were to provide all
persons with adequate personal injury protection
against wage loss and medical expenses and to reduce
or contain the rising cost of insurance. The policy of
providing compensation for wage loss and medical ex-
penses is evident throughout the entire act and is
especially clear in 3107. MCL 500.3101, *et seq.;*
500.3107. See also Gretzinger, *O'Donnell v State Farm
Ins Co: A Judicial Attempt to Amend Michigan's No-
Fault Act,* 1977 Detroit College L Rev 187, 191-195.

"The second basic goal of the act noted above is
reflected by the Supreme Court's opinion in the *O'Don-
nell* case and in 3109(1) itself. In the words of the
*O'Donnell* [*v State Farm Mutual Automobile Ins Co,*
404 Mich 524; 273 NW2d 829 (1979)] Court, at 544:

" 'The history of § 3109(1) indicates that the Legisla-
ture's intent was to require a set-off of those govern-
ment benefits that duplicated the no-fault benefits pay-
able because of the accident and thereby reduce or
contain the cost of basic insurance.'

"In as much as the act made the insurance mandatory,
this policy consideration is clearly very important as
the Supreme Court in *O'Donnell* recognized.

"These two prime purposes of the act are put in
conflict when applied to the factual situation in which
the court now faces. To allow a set-off of wage benefits
plaintiff 'could have received', but, in fact, did not,
would deny plaintiff the compensation for his injuries
as contemplated by the act. On the other hand, to
refuse a set-off would frustrate the goal of reducing

premiums—if an injured person may *elect* to recover from the insurer rather than from the state or federal government, the insurer is forced to pay out in benefits more than that which the act intended, and more than which the insurer is receiving premiums for. The relevance of 3109(1) "* * * provided or required to be provided * * *" language cannot be denied here.

"Upon careful consideration the court is convinced that defendant insurer should not be allowed to set off the federal workers' compensation wage benefits that the plaintiff could have but did not actually receive under the unusual facts of this case.

\* \* \*

"In accordance with the foregoing, defendant may not set off any wage benefits plaintiff could have but did not receive from the amount otherwise payable to plaintiff. The court expresses no opinion on the issue of whether an insurer may generally set off benefits which an injured person does not actually receive, except insofar as it relates to the peculiar facts herein." (Footnote omitted.)

We also make the following additional observations to more completely explain our position.

It is the general rule in the United States that an insurer or employer is not entitled to credit an employee's accrued sick and vacation pay against workers' compensation benefits due the employee. The policy underpinning of this principle is that accrued leave time is a contractual benefit earned for past service and is not intended to provide future compensation for work-related injuries. See 2 Larson, Workmen's Compensation Law, § 57.46, pp 10-164.14—10-164.15, and and cases cited therein. There is no statutory authority in Michigan which allows an employer or insurer to set off an employee's accrued leave time against compensation benefits due. This is in accordance with the principle that workers' compensation is intended to compensate for a loss of present and future

earning capacity as opposed to merely serving as a substitute for lost wages. See, *e.g., Powell v Casco Nelmore Corp,* 406 Mich 332, 348-349, fn 8; 279 NW2d 769 (1979). Federal compensation law for most federal employees constitutes the anomaly. It requires the employee to consume accrued leave time prior to receiving workers' compensation or to receive workers' compensation immediately, in which case the accrued leave time is "frozen" and remains on account.

We are thus confronted with the problem of determining whether, due to the peculiarities of the federal compensation system, the employee or the no-fault insurer suffers an economic detriment. In Michigan, a nonfederal employee with an accrued leave plan injured during the course of employment is eligible to receive both his accrued leave and workers' compensation. However, if the work-related injury falls within the ambit of the no-fault act, the no-fault insurer would be eligible to deduct the compensation benefits from PIP wage-loss benefits due. In effect, then, the employee would receive his accrued leave balance and PIP benefits.[2] A federal employee, as noted previously, stands in a different position. If said employee elects to use his accrued sick and annual leave time, then he does not receive workers' compensation benefits. If a deduction is allowed the no-fault insurer for what could have been received, the employee receives less compensation when compared to other nonfederal Michigan employees in the same circumstances. Alternatively,

[2] Before the lower court, defendant argued that no work-loss benefits would be due plaintiff pursuant to MCL 500.3107(b); MSA 24.13107(b) until all accrued leave was exhausted. This claim is not pursued on appeal. In any case, we agree with the lower court's construction of this provision. The court determined that the loss of bargained for sick and vacation time due to the injury constitutes a loss of income within the meaning of the provision.

if a deduction is not allowed the no-fault insurer for the compensation benefits not received, said insurer pays more in cases like the present one where federal employees are involved. We conclude that the insurer is the loser in such circumstances because the federal government is not required to provide workers' compensation to one of its employees who chooses to exhaust accrued leave time. Thus, MCL 500.3109(1); MSA 24.13109(1) is inapplicable.[3]

This is not a case in which the employee simply decided not to bother taking the time to file for workers' compensation concededly due him. Plaintiff here was not entitled to compensation because he elected to receive his accrued leave time. Nor is this case like *Perez v State Farm Mutual Automobile Ins Co,* 105 Mich App 202; 306 NW2d 451 (1981), where plaintiff did not receive workers' compensation benefits because his employer did not carry the required insurance. In *Perez,* the majority nonetheless allowed the no-fault insurer to subtract workers' compensation benefits plaintiff was entitled to receive from the PIP benefits he would receive because the compensation benefits were literally "required to be provided" under state law.[4] Absent explicit legislative language that a no-fault insurer is allowed to deduct from

[3] We note, but do not resolve, another potential problem with applying MCL 500.3109(1); MSA 24.13109(1) in a case where the federal employee has not actually received compensation benefits. By 5 USC 8128, the Secretary of Labor may reduce, end or refuse to pay an award of compensation to which the employee is seemingly entitled. Moreover, this provision precludes any judicial review of the secretary's determination. As such, a federal employee has a meritorious, albeit not necessarily ultimately persuasive, argument that any federal compensation benefits must be considered discretionary and are not required to be provided by law.

[4] We express no opinion on whether the majority or dissent in *Perez* is correct. We simply note that, even if the *Perez* majority is right, the decision does not control this case.

PIP benefits any workers' comensation benefits the injured employee might be entitled to, if he chose to receive compensation, we decline to adopt defendant's argument.

Affirmed. No costs, a question of first impression involving the proper construction of a statute being dispositive of this case.