KRYGEL v CITY OF DETROIT

Docket No. 68719. Submitted December 6, 1983, at Detroit.—Decided June 5, 1984.

> Kenneth Krygel, a police officer for the City of Detroit, was injured as a result of an automobile accident which arose out of and in the course of his employment. Although eligible to receive workers' compensation benefits, Krygel elected instead to receive benefits provided by the Detroit City Charter. Krygel received full payment of all benefits he was entitled to under the provisions of the city charter. He also applied for no-fault benefits from the City of Detroit, a self-insurer under the no-fault automobile insurance system. The City of Detroit denied Krygel's right to no-fault benefits on the ground that the no-fault act allows a setoff of benefits in the amount of benefits provided or required to be provided under the laws of any state or the federal government and that the payment of charter benefits to Krygel met that description, qualifying for setoff. Krygel filed suit against the City of Detroit in Wayne Circuit Court contending that the charter benefits were not required to be provided under the laws of any state or the federal government and that the city was not entitled to any setoff of its no-fault obligation. The court, Irwin H. Burdick, J., granted defendant's motion for summary judgment and dismissed plaintiff's complaint. Plaintiff appeals. *Held:*
>
> The provision of the Worker's Disability Compensation Act which provides that police and fire department employees working for municipalities with charter provisions prescribing like benefits may elect to take workers' compensation or charter benefits, but not both, may be construed as a requirement of state law that police and fire department employees be entitled to workers' compensation or charter benefits, so that receipt of either is a benefit required to be provided under state law. Thus, the charter benefits must be set off.
>
> Affirmed.

REFERENCES FOR POINTS IN HEADNOTE

7 Am Jur 2d, Automobile Insurance § 368.
81 Am Jur 2d, Workmen's Compensation § 180.
82 Am Jur 2d, Workmen's Compensation § 365.

WORKERS' COMPENSATION — NO-FAULT INSURANCE — CHARTER BENE-
FITS — LIKE BENEFITS — SETOFF.

The provision of the Worker's Disability Compensation Act which
provides that police and fire department employees working for
municipalities with charter provisions prescribing like benefits
may elect to take either workers' compensation or charter
benefits, but not both, may be construed as a requirement of
state law that police and fire department employees be entitled
to workers' compensation or charter benefits, so that receipt of
either is a benefit required to be provided under state law; thus,
the election by an employee to receive charter benefits in lieu
of workers' compensation benefits for time off work due to
injuries suffered in an automobile accident arising out of and in
the course of his employment results in the amount of charter
benefits received being subject to setoff against any personal
protection insurance benefits the employee might be entitled to
under the no-fault insurance act (MCL 418.161[1][a],
500.3109[1]; MSA 17.237[161][1][a], 24.13109[1]).

*McBride & Sigman* (by *Barry Sigman*), for plaintiff.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *Lamont E. Buffington*), for defendant.

Before: V. J. BRENNAN, P.J., and BEASLEY and R. A. BENSON,* JJ.

PER CURIAM. Plaintiff appeals as of right from an order of summary judgment entered in the Wayne County Circuit Court dismissing his complaint for no-fault benefits.

Plaintiff was injured as a result of an automobile accident which arose out of and in the course of his employment with the Detroit Police Department. Although plaintiff was eligible to receive workers' compensation benefits, he instead elected to receive charter benefits pursuant to Chapter 21, § 18, of the 1974 Charter of the City of Detroit. The absolute right to elect benefits under the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

charter was extended to plaintiff as a consequence of the collective-bargaining agreement between his union and the City of Detroit, a no-fault self-insurer.

The trial court, noting that plaintiff would receive a windfall if he obtained both no-fault and charter benefits, granted defendant's motion for summary judgment. The court found that such a double recovery was not intended by the Legislature.

At issue is the proper construction to be given MCL 500.3109(1); MSA 24.13109(1), which provides:

"Benefits *provided or required to be provided under the laws of any state or the federal government* shall be subtracted from the personal protection insurance benefits otherwise payable for the injury." (Emphasis added.)

Plaintiff contends that the city charter benefits he received are not provided or required to be provided by state or federal law and, as such, that defendant is not entitled to set off these benefits against no-fault benefits due him, citing *Luth v Detroit Automobile Inter-Ins Exchange,* 113 Mich App 289; 317 NW2d 867 (1982). Defendant, on the other hand, citing *Kment v City of Detroit,* 109 Mich App 48; 311 NW2d 306 (1981), argues that the charter benefits are "like benefits" comparable to those provided under the Worker's Disability Compensation Act, MCL 418.101 *et seq.;* MSA 17.237(101) *et seq.,* and, as such, that a setoff is permissible. We find that neither *Luth* nor *Kment* control the resolution of this appeal in favor of either party.

The issue in *Kment,* heavily relied upon by defendant, was simply whether benefits extended under the City of Detroit's Charter constituted

"like benefits" for purposes of the election required by MCL 418.161; MSA 17.237(161). It may be conceded, however, as we do, that the charter benefits which plaintiff receives are "like benefits" for purposes of MCL 418.161; MSA 17.237(161), without compelling the conclusion that these benefits also fall within the setoff provision of MCL 500.3109(1); MSA 24.13109(1).

In *Luth,* the plaintiff injured in the motor vehicle accident had the right to choose between workers' compensation benefits provided under federal law or exhausting his accrued leave time. This Court held that, because the plaintiff chose to exhaust his leave time, the no-fault insurer was not entitled to set off workers' compensation benefits which would have been received had the plaintiff elected to collect workers' compensation. The *Luth* Court reasoned that, given the plaintiff's decision, the federal government was not required to provide workers' compensation benefits.

In this case, a more compelling argument can be made that the benefits given to the plaintiff are "required to be provided" under state law than was true in *Luth*.[1] Section 161(1)(a) of the Worker's

---

[1] The *Luth* decision's continuing vitality is uncertain. The decision was noted in fn 17 of *Perez v State Farm Mutual Automobile Ins Co,* 418 Mich 634, 645, fn 17; 344 NW2d 773 (1984), but merely as not providing any aid in the resolution of *Perez.* However, if the *Perez* plurality really means what it says in fn 18, *Luth* may well be incorrectly decided, apart from the potential problem noted in fn 3 of *Luth,* since the plaintiff there could have, but did not, "ask, demand, or call" for workers' compensation payments available to him.

In addition, in *Krawczyk v Detroit Automobile Inter-Ins Exchange,* 418 Mich 231; 341 NW2d 110 (1983), the Supreme Court held that fringe benefits were not recoverable as work loss under MCL 500.3107; MSA 24.13107. The underlying basis of *Luth,* however, was that accrued leave time is a contractual benefit earned for past service, *i.e.,* vacation and sick pay are fringe benefits which neither a workers' compensation nor no-fault insurer is entitled to claim credits against. If accrued leave time is a fringe benefit within the meaning of *Krawczyk,* however, the effect of refusing to allow available, but unclaimed, workers' compensation benefits as a credit against no-fault

Disability Compensation Act, MCL 418.161(1)(a); MSA 17.237(161)(1)(a), provides that police and fire department employees working for municipalities with charter provisions prescribing like benefits may elect to take workers' compensation or charter benefits, but not both. This provision may be construed as a requirement of state law that police and fire department employees be entitled to workers' compensation *or* charter benefits so that receipt of either is a benefit "required to be provided under state law". This is the construction which we adopt. Recently, in *Perez v State Farm Mutual Automobile Ins Co,* 418 Mich 634, 645; 344 NW2d 773 (1984), the three justices who signed the lead opinion indicated in fn 18:

"This construction of the 'required to be provided' clause of § 3109(1) is consistent with a common definition of the word 'require'. One panel of the Michigan Court of Appeals, in construing § 3109(1), has said that 'the plain meaning of "require" (as shown in *Webster's New World Dictionary)* is "to ask or insist upon, as by right or authority; demand" '. *Thacker v DAIIE* [114 Mich App 374; 319 NW2d 349 (1982)], *supra,* p 378."

Under this definition, we are convinced that charter benefits must be set off. While no statutory provisions specifically require a municipality to provide its police and fire employees with benefits under a city charter, as noted above MCL 418.161(1)(a); MSA 17.237(161)(1)(a) has the effect of requiring municipalities to provide these employees with either workers' compensation *or* char-

benefits due is essentially to allow the injured worker to be compensated for the "fringe benefit" of accrued leave time. Alternatively, if vacation and sick time are not treated as fringe benefits but, rather, as the equivalent of wage income, *Luth* may be incorrectly decided because, by electing to exhaust his accrued leave time, the plaintiff there had suffered no work loss within the meaning of MCL 500.3107; MSA 24.13107. On this point see fn 2 of *Luth.*

ter benefits. Where a municipality does offer an absolute right to charter benefits, MCL 418.161(1)(a); MSA 17.237(161)(1)(a) permits the covered workers to insist upon these benefits. As such, under the construction given MCL 500.3109(1); MSA 24.13109(1) by the *Perez* plurality, the charter benefits here are "required to be provided" under state law.

This result also advances two major purposes underlying the no-fault act; namely, the prevention of windfall recoveries and the containment of the basic cost of automobile insurance. *O'Donnell v State Farm Mutual Automobile Ins Co,* 404 Mich 524, 544; 273 NW2d 829 (1979), *app dis* 444 US 803; 100 S Ct 22; 62 L Ed 2d 16 (1979).

Affirmed. No costs, a public question concerning the proper construction of a statute being involved.