SIBLEY v DETROIT AUTOMOBILE INTER-INSURANCE EXCHANGE

Docket No. 87376. Submitted October 15, 1986, at Detroit. Decided December 2, 1986. Leave to appeal applied for.

Plaintiff, Austin Sibley, was injured in an automobile accident during the course of his employment with the United States Postal Service. On that date, plaintiff was the owner of an automobile insured by defendant, Detroit Automobile Inter-Insurance Exchange. That automobile was not involved in the accident. Plaintiff filed a workers' compensation claim under the Federal Employees' Compensation Act (FECA) and was ultimately paid $17,221.87 by the federal government, representing all his medical expenses and three-fourths of his lost wages. Plaintiff also filed a claim with defendant for no-fault benefits. Defendant honored the claim and, after deducting from the benefits otherwise payable the benefits received pursuant to FECA, ultimately paid $14,498.68, which represented lost wages not reimbursed under FECA. Plaintiff also pursued a tort claim for noneconomic damages against the owner and driver of the other vehicle involved in the accident. Plaintiff settled that claim for $32,500. The federal government then demanded reimbursement of benefits paid under FECA from the tort claim settlement. Plaintiff paid the federal government $12,186.69, plus interest of $2,195.60. Plaintiff sought reimbursement of that payment from defendant. Defendant denied the claim and plaintiff brought an action in the Wayne Circuit Court seeking an order for the payment of his claim. The parties filed cross-

REFERENCES

Am Jur 2d, Automobile Insurance § 368.

Am Jur 2d, Federal Employers' Liability and Compensation Acts §§ 87-90.

Construction and application of provisions of Federal Employees' Compensation Act (5 USCS § 8132) requiring compensation beneficiary who recovers from third person or receives money in settlement of claim, to refund to the United States amount of compensation paid, after deducting cost of suit and reasonable attorney's fee. 17 ALR Fed 494.

See also the annotations in the Index to Annotations under No-Fault Insurance.

motions for summary disposition and the trial court, Richard P. Hathaway, J., granted defendant's motion and entered an order to that effect. Plaintiff appeals.

The Court of Appeals *held:*

1. The benefits received under FECA may be set off against personal injury protection benefits under the no-fault act where both benefits arise from the same accident.

2. The sum reimbursed by plaintiff, from his tort recovery, to the Federal Employees' Compensation Fund under 5 USC 8132 is not recoverable by plaintiff against defendant. The reimbursement to the federal government is not an expense under § 3107 of the no-fault act.

Affirmed.

1. INSURANCE — NO-FAULT — FEDERAL EMPLOYEES' COMPENSATION ACT.

Federal Employees' Compensation Act benefits received by a federal employee as a result of injuries received in an automobile accident during the course of his employment are to be set off against no-fault benefits where both benefits arise from the same accident (MCL 500.3109[1]; MSA 24.13109[1]).

2. INSURANCE — NO-FAULT — FEDERAL EMPLOYEES' COMPENSATION ACT — REIMBURSEMENT.

The Federal Employees' Compensation Act permits the United States Department of Labor to obtain the reimbursement of compensation benefits for economic damages paid to a federal employee who was injured in an automobile accident during the course of his employment out of the injured employee's tort recovery for noneconomic damages; the injured employee's reimbursement to the federal government is not an allowable expense under § 3107 of the no-fault act and he therefore is not entitled to reimbursement from his no-fault carrier for such payment (5 USC 8132; MCL 500.3107; MSA 24.13107).

*Brent S. Hunt,* for plaintiff.

*Dickinson, Brandt, Hanlon, Becker & Lanctot* (by *Clair W. Hoehn*), and *Gromek, Bendure & Thomas* (by *John A. Lydick*), of counsel, for defendant.

Before: Wahls, P.J., and R. B. Burns and M. Warshawsky,* JJ.

R. B. Burns, J. The facts in this case are not in dispute, having been submitted to the trial court in a stipulated "Statement of Facts." On August 15, 1978, plaintiff was injured in an automobile accident during the course of his employment with the United States Postal Service. On the date of the accident, plaintiff was the owner of an automobile insured by defendant. That automobile was not involved in the accident.

Plaintiff filed a workers' compensation claim against the federal government under the Federal Employees' Compensation Act (FECA). 5 USC 8101 et seq. The claim was honored and plaintiff was ultimately paid $17,221.87 by the federal government, representing all of his medical expenses and three-fourths of his lost wages.

Plaintiff had also filed a claim with defendant for no-fault benefits. Defendant honored the claim, but, pursuant to § 3109 of the no-fault act,[1] deducted from the no-fault benefits otherwise payable the benefits plaintiff received pursuant to FECA. Defendant ultimately paid $14,498.68, which represented lost wages not reimbursed under FECA.

Plaintiff also pursued a tort claim for noneconomic damages against the owner and driver of the other vehicle involved in the accident. See MCL 500.3135; MSA 24.13135. Plaintiff settled the claim for $32,500. Thereafter, the U. S. Department of Labor, Office of Workers' Compensation, demanded reimbursement of benefits paid under FECA from the amount received by plaintiff from the tort claim settlement. The department sought

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] MCL 500.3109; MSA 24.13109.

reimbursement under 5 USC 8132, which provides in pertinent part as follows:

> If an injury or death for which compensation is payable under this subchapter is caused under circumstances creating a legal liability in a person other than the United States to pay damages, and a beneficiary entitled to compensation from the United States for that injury or death receives money or other property in satisfaction of that liability as the result of suit or settlement by him or in his behalf, the beneficiary, after deducting therefrom the costs of suit and a reasonable attorney's fee, shall refund to the United States the amount of compensation paid by the United States and credit any surplus on future payments of compensation payable to him for the same injury.

On August 31, 1983, plaintiff repaid the Department of Labor the principal sum of $12,186.69 plus interest of $2,195.60. Thereafter, plaintiff sought reimbursement of this payment from defendant. Defendant denied the claim and this litigation ensued. The parties filed cross-motions for summary disposition and, on August 23, 1985, summary disposition was granted in favor of defendant. Plaintiff now appeals and we affirm.

The first question plaintiff poses to us is whether benefits received under FECA may be set off against personal injury protection (PIP) benefits under the no-fault act. We answer this question in the affirmative.

Section 3109(1) of the no-fault act[2] provides as follows:

> Benefits provided or required to be provided under the laws of any state or the federal government shall be subtracted from the personal protec-

[2] MCL 500.3109(1); MSA 24.13109(1).

tion insurance benefits otherwise payable for the injury.

In *Jarosz v DAIIE,* 418 Mich 565, 577; 345 NW2d 563 (1984), the Supreme Court set forth the test to determine if particular benefits are to be set off:

We conclude that the correct test is: state or federal benefits "provided or required to be provided" must be deducted from no-fault benefits under § 3109(1) if they:

1) Serve the same purpose as the no-fault benefits, and

2) Are provided or are required to be provided as a result of the same accident.

It has been decided that if a person is entitled, because of an automobile accident, to both no-fault benefits and to benefits under the Michigan workers' compensation system, the no-fault benefits are "reduced by the amount of workers' compensation benefits paid or payable because of the injury." *Great American Ins Co v Queen,* 410 Mich 73, 86; 300 NW2d 895 (1980). See also *Mathis v Interstate Motor Freight System,* 408 Mich 164; 289 NW2d 708 (1980).

Although there does not appear to be a case which directly holds that FECA benefits may be set off against no-fault benefits,[3] we see no reason why FECA benefits should be treated differently than state workers' compensation benefits. Both compensation schemes serve the same essential purpose. The Court stated the purpose of the state system in *Mathis, supra* at 179:

[3] But see *Luth v DAIIE,* 113 Mich App 289; 317 NW2d 867 (1982). While the *Luth* Court did not directly address the question of whether FECA benefits must be set off against no-fault benefits, the Court's reasoning and conclusion would appear to be based upon the assumption that such a setoff is available.

> The [Workers' Disability Compensation Act] provides a substitute for common-law tort liability founded upon an employer's negligence in failing to maintain a safe working environment. Compensation under this act is for industrial injuries arising out of and in the course of the injured person's employment.

Similarly, the federal system provides for the same compensation:

> The United States shall pay compensation as specified by this subchapter for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty . . . . [5 USC 8102(a).]

Accordingly, we conclude that FECA benefits are to be set off against no-fault benefits where both benefits arise from the same accident.

We now turn to the question of whether the sum reimbursed by plaintiff, from his tort recovery, to the Federal Employees' Compensation Fund (FECF) under 5 USC 8132 is recoverable by plaintiff against the no-fault carrier. We conclude that it is not.

This question appears to be one of first impression. Plaintiff argues that the reimbursement to the federal government constitutes an allowable expense under § 3107 of the no-fault act.[4] We disagree. That section provides for payment of medical and wage-loss benefits. Plaintiff's payment to the federal government constitutes neither.

We begin by noting that plaintiff has been made whole for his *economic* damages. Had there been no tort recovery, plaintiff would not have been obligated under 5 USC 8132 to reimburse the federal government. Conversely, plaintiff would still have had to reimburse the federal government

---

[4] MCL 500.3107; MSA 24.13107.

had there been a tort recovery, but no no-fault benefits.[5] The necessary conclusion from this is that the reimbursement to the federal government is not an expense under § 3107. Rather, it is a burden placed on federal employees by the federal government requiring them to share with the federal government any tort recoveries received by an employee.

We recognize that the result in the present case is harsher than in a comparable case in which the injured party was subject to the state workers' compensation system. In *Queen, supra,* the Supreme Court ruled that a workers' compensation carrier could seek reimbursement from an injured party from a tort recovery to the extent that the workers' compensation benefits do not substitute for no-fault benefits. *Id.* at 97. However, to the extent that workers' compensation benefits substitute for no-fault benefits, the workers' compensation carrier may not be reimbursed out of the tort recovery.

Thus, while under the Michigan system a workers' compensation carrier is not reimbursed for that portion of the compensation benefits which were set off against no-fault benefits, the same is not true under the federal system. Rather, FECA permits the Department of Labor to obtain reimbursement of compensation benefits paid for economic damages out of an injured party's tort recovery for noneconomic damages.[6] However, this does not change the fact that the FECA benefits

---

[5] An example would be the stereotypical case of the postal carrier bit by a dog while delivering the mail. Presumably, the employee would be entitled to FECA benefits and could sue the dog's owner in tort. However, the employee would be required to reimburse the federal government under 5 USC 8132 from any recovery against the dog's owner.

[6] We are using the terms "economic damages" and "noneconomic damages" to distinguish between those damages for which a no-fault carrier is liable and those damages for which the tortfeasor is liable, respectively.

must be set off against the PIP benefits and it does not change the fact that the subsequent reimbursement is not an allowable expense under § 3107 of the no-fault act.

We recognize that these conflicting provisions of federal and state law might serve to work an injustice for those federal employees injured in the course of their employment in automobile accidents. It would appear that this is one of the few situations, or perhaps the only situation, in which an injured party is left, because of statutory provisions, less than fully recompensed for his injuries.[7] However, this presents an injustice which can only be redressed in Congress or the Michigan Legislature. While we would urge these bodies to act to correct this problem, until such time as they do, we can only enforce the statutes as they are drafted.

Affirmed. No costs, a question of public importance being involved.

---

[7] That is, it is the only situation in which damages recovered in tort for noneconomic injuries must be used to reimburse payments to cover economic injuries.