POLKOSNIK v UNITED CANADA INSURANCE COMPANY

Docket No. 93430. Submitted October 20, 1987, at Detroit. Decided February 17, 1988.

Andrew Polkosnik was involved in an accident in Michigan while driving a truck belonging to his Canadian employer. He received no-fault insurance benefits from United Canada Insurance Company, which insured the truck. He also received workers' compensation benefits from the Workers' Compensation Board of Ontario, Canada, but agreed to reimburse the board for those benefits in the event of any recovery from a third-party tortfeasor. Polkosnik's no-fault benefits were offset by his workers' compensation benefits. Following recovery from the third-party tortfeasors, Polkosnik reimbursed the Workers' Compensation Board in the amount of $90,000. Polkosnik then filed suit against United Canada Insurance Company in Wayne Circuit Court seeking to recover the $90,000 he paid to the Workers' Compensation Board. The court, Thomas J. Foley, J., granted partial summary disposition in favor of defendant on the ground that plaintiff's claim was barred by the applicable statute of limitations. Plaintiff appealed.

The Court of Appeals *held:*

1. Under Michigan law, Michigan workers' compensation carriers are not reimbursed for compensation benefits which are set off against no-fault benefits. Under the reimbursement provisions of the Workers' Compensation Board of Ontario, Canada, however, plaintiff's tort recovery obligated him to make reimbursement for the workers' compensation benefits he received. The reimbursement was not an allowable expense under Michigan's no-fault act for which plaintiff would be entitled to repayment by the no-fault carrier because plaintiff was already made whole for his economic damages. Plaintiff therefore had no cause of action against defendant.

2. The circuit court erred in granting partial summary

References

Am Jur 2d, Automobile Insurance §§ 340 *et seq.*

Am Jur 2d, Workmen's Compensation § 364.

Validity and construction of no-fault insurance plans providing for reduction of benefits otherwise payable by amounts receivable from independent collateral sources. 10 ALR4th 996.

disposition in favor of defendant on the basis of the statute of limitations. The error was harmless, however, since the court achieved the right result for the wrong reason.

Affirmed.

INSURANCE — NO-FAULT — WORKERS' COMPENSATION — CANADIAN EMPLOYEES — REIMBURSEMENT.

The provisions of a reimbursement agreement between the Workers' Compensation Board of Ontario, Canada, and a Canadian employee injured in the course of his employment in Michigan permits the board to obtain reimbursement of compensation benefits for economic damages paid to the employee where the injured employee succeeded in getting a tort recovery for noneconomic damages; the injured employee's reimbursement to the board is not an allowable expense under § 3107 of Michigan's no-fault act and the employee therefore is not entitled to reimbursement from his no-fault carrier for such payment (MCL 500.3107; MSA 24.13107).

*Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick* (by *Richard E. Shaw*), for plaintiff.

*Romain, Donofrio, Kuck & Egerer, P.C.* (by *John C. Brennan*), for defendant.

Before: D. F. WALSH, P.J., and WEAVER and M. WARSHAWSKY,* JJ.

PER CURIAM. Plaintiff appeals as of right from an order of partial summary disposition entered in favor of defendant. We affirm.

I

Following plaintiff's injury in Michigan while driving the semitrailer truck of his Canadian employer, plaintiff received no-fault benefits from the defendant insurer. As a Canadian employee, plaintiff also received benefits from the Workers' Com-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

pensation Board of Ontario, Canada, but agreed to reimburse the Canadian Board for those benefits in the event of future recovery from any third-party tortfeasor. Plaintiff's no-fault benefits were offset by his workers' compensation benefits pursuant to MCL 500.3109; MSA 24.13109. Upon the board's demand following plaintiff's subsequent recovery from the third-party torfeasors, plaintiff reimbursed the board in the amount of $90,000.

When plaintiff then sued the defendant no-fault insurer seeking recovery of the reimbursed $90,000, the circuit court granted defendant's motion for partial summary disposition on the basis that plaintiff's claim was barred by the statute of limitations, MCL 500.3145(1); MSA 24.13145(1). Plaintiff appeals as of right.

II

In Michigan, an employee's rights and entitlement to compensation for injuries are governed by both the workers' compensation act and the no-fault act, MCL 418.101 *et seq.*; MSA 17.237(101) *et seq.*, MCL 500.3101 *et seq.*; MSA 24.13101 *et seq. Great American Ins Co v Queen*, 410 Mich 73, 86; 300 NW2d 895 (1980). Under the Michigan no-fault act, an employee's entitlement to workers' compensation benefits is set off against his no-fault benefits, thereby reducing the no-fault insurer's liability for payment. MCL 500.3109; MSA 24.13109. *Mathis v Interstate Motor Freight System*, 408 Mich 164, 187; 289 NW2d 708 (1980).

As for recovery against third-party tortfeasors, this Court has held that the Federal Employees' Compensation Act, 5 USC 8101 *et seq.*, authorizes the United States government to use a plaintiff's tort recovery for noneconomic damages as a basis to demand reimbursement of workers' compensa-

tion benefits previously paid for the injured employee's economic damages. *Sibley v Detroit Automobile Inter-Ins Exchange,* 156 Mich App 519, 524; 402 NW2d 51 (1986), lv gtd 428 Mich 910 (1987). However, a plaintiff's reimbursement to the federal government does not entitle him to repayment of that amount by the no-fault carrier, since such reimbursement to the government does not constitute authorized medical or wage-loss benefits and therefore is not an "allowable expense" as described in MCL 500.3107; MSA 24.13107. *Id.* If a plaintiff does not recover in tort, he incurs no reimbursement obligation to the federal government; but if he does recover in tort, the plaintiff must reimburse the government even if he never receives no-fault benefits. *Id.* at 524-525. The Court recognized the disparity between state and federal law arising from the fact that Michigan workers' compensation carriers are not reimbursed for compensation benefits which were set off against no-fault benefits, but the Court felt constrained to follow the law as it presently exists. *Id.* at 525-526.

In the instant case, because the reimbursement provisions of the Workers' Compensation Board of Ontario, Canada, are similar to those of the Federal Employees Compensation Act, plaintiff's tort recovery obligated him to make reimbursement for the workers' compensation benefits which he had received. This reimbursement, however, was not an "allowable expense" under Michigan's no-fault act, since plaintiff had already been made whole for his economic damages. *Id.* at 524. Therefore, plaintiff had no cause of action against defendant.

Because plaintiff had no cause of action, the circuit court erred in granting defendant's motion for partial summary disposition on the basis of the statute of limitations, MCL 500.3145(1); MSA 24.13145(1). However, the error was harmless,

since the court achieved the right result for the wrong reason. *Warren v Howlett,* 148 Mich App 417, 426; 383 NW2d 636 (1986).

On the basis of our holding that there is no cause of action, it is unnecessary to discuss whether plaintiff's claim against the defendant no-fault insurer was timely.

Affirmed.