WESOLEK v CITY OF SAGINAW

Docket No. 139569. Submitted November 17, 1993, at Lansing. Decided December 6, 1993, at 9:40 A.M.

Robert P. Wesolek, Jr., brought an action in the Saginaw Circuit Court against the City of Saginaw 'and the Michigan Municipal Risk Management Authority, seeking personal injury protection work-loss benefits pursuant to § 3107(b) of the no-fault act, MCL 500.3107(b); MSA 24.13107(b). The plaintiff, an employee of the Saginaw Police Department, was injured in an automobile accident while on duty. He was placed on total permanent disability and received workers' compensation benefits and duty disability pension benefits pursuant to a collective bargaining agreement between the city and his union. The pension benefits were required to be paid under the collective bargaining agreement "as prescribed in the Saginaw City Charter and City Ordinance." The pension paid the plaintiff the difference between his workers' compensation benefits and his past weekly wage. The court, Robert S. Gilbert, J., granted partial summary disposition for the plaintiff, ruling that the duty disability pension was not a government benefit subject to setoff under MCL 500.3109; MSA 24.13109 or MCL 500.3109a; MSA 24.13109(1) of the no-fault act. However, the court also found that the workers' compensation benefits could be subtracted from the work-loss benefits. The defendants appealed, alleging that the court erred in refusing to permit them to set off the duty disability benefits from the work-loss benefits under § 3109.

The Court of Appeals held:

The plaintiff's duty disability pension benefits were not paid pursuant to 'any state or federal law, as required by the setoff provision of § 3109, and were not received in lieu of workers' compensation benefits. Although the pension benefits were required under a local ordinance, there is no statutory authority entitling police or fire department employees to the receipt

REFERENCES

Am Jur 2d, Automobile Insurance § 368.

See ALR Index under No-Fault Insurance.

of such benefits. The court properly ruled these benefits inappropriate for setoff under § 3109.

Affirmed.

INSURANCE — NO-FAULT — WORK-LOSS BENEFITS — DUTY DISABILITY PENSION BENEFITS — SETOFFS.

An injured police employee's receipt of duty disability pension benefits pursuant to a collective bargaining agreement that are required under local ordinance but not paid pursuant to any state or federal law or received in lieu of workers' compensation benefits are not subject to set off from no-fault work-loss benefits (MCL 500.3109; MSA 24.13109).

*Charles F. Filipiak,* for the plaintiff.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Ronald H. Greve*), for the defendants.

Before: GRIFFIN, P.J., and CONNOR and CORRIGAN, JJ.

GRIFFIN, P.J. Defendants appeal as of right an order of the Saginaw Circuit Court granting plaintiff's motion for partial summary disposition pursuant to MCR 2.116(C)(10). We affirm.

On February 2, 1989, plaintiff, a twenty-year veteran of the Saginaw Police Department, was involved in a two-car collision while on duty in his police vehicle. As a result of the collision, plaintiff suffered a torn rotator cuff. Although plaintiff returned to work on February 14, 1989, he was placed on total permanent disability on April 18, 1989. At the time he was placed on permanent disability, plaintiff was earning an average weekly wage of $611.95.

Following the accident, plaintiff received $386.03 a week in workers' compensation benefits from the date of the injury until June 1, 1990. His workers' compensation benefits were reduced to $385.07 a week from that date to the present. In addition, plaintiff also received duty disability pension benefits pursuant to a collective bargaining agreement

between defendant City of Saginaw and the Michigan Fraternal Order of Police Labor Council.[1] The pension paid plaintiff the difference between his workers' compensation benefits and his past weekly wage of $611.95. Plaintiff also sought personal injury protection work-loss benefits pursuant to § 3107(b) of the no-fault insurance act, MCL 500.3107(b); MSA 24.13107(b).

After defendants refused to comply with plaintiff's request for work-loss benefits, plaintiff instituted the instant action. On September 24, 1990, a hearing was held on plaintiff's motion for partial summary disposition pursuant to MCR 2.116(C) (10). In an order entered on October 11, 1990, the trial court granted plaintiff's motion. The trial court ruled that plaintiff's duty disability pension was not a government benefit and, therefore, not subject to setoff under §§ 3109 and 3109a of the no-fault insurance act, MCL 500.3109; MSA 24.13109 and MCL 500.3109a; MSA 24.13109(1). However, the trial court found that plaintiff's workers' compensation benefits could be subtracted from the work-loss benefits. Plaintiff was subsequently awarded $12,679.91 in work-loss benefits through February 25, 1991.

Defendants argue on appeal that the trial court erred in refusing to permit defendants to set off plaintiff's duty disability benefits from the no-fault work-loss benefits under § 3109. We disagree.

The setoff provision of § 3109(1) of the no-fault act provides as follows:

> Benefits provided or required to be provided under the laws of any state or the federal govern-

[1] The pension benefits were required to be paid under the collective bargaining agreement between the parties, "as prescribed in the Saginaw City Charter and City Ordinance, which shall be controlling in the event questions arise regarding the interpretation of this agreement." The city ordinance controlling duty disability pensions became effective on January 28, 1965.

ment shall be subtracted from the personal protection insurance benefits otherwise payable for the injury.

Wage continuation benefits received under a collective bargaining agreement with a local township were found inappropriate for setoff under § 3109 in *Spencer v Hartford Accident & Indemnity Co,* 179 Mich App 389, 393-395; 445 NW2d 520 (1989), where this Court held that the benefits were not paid pursuant to any state or federal law. In *Spencer,* the plaintiff, an Ypsilanti Township employee, was injured in an automobile accident. *Id.* at 391. Following the accident, the plaintiff received workers' compensation benefits in addition to wage continuation benefits. *Id.* The wage continuation benefits were paid pursuant to a collective bargaining agreement between the plaintiff's union and Ypsilanti Township. *Id.*

In holding that the wage continuation benefits were not paid pursuant to any state or federal law, the panel in *Spencer* specifically distinguished our result in *Krygel v Detroit,* 135 Mich App 187; 353 NW2d 116 (1984). In *Krygel,* charter benefits received by an injured police officer were allowed to be used as a setoff for personal injury protection benefits otherwise payable. Unlike the charter benefits received by the plaintiff in *Krygel,* the *Spencer* panel noted that there is "no statutory authority providing for the receipt by [the] plaintiff of additional wages pursuant to a collective bargaining agreement."[2] *Spencer, supra* at 394-395. Moreover, the *Spencer* panel noted that the plain-

---

[2] The *Krygel* panel construed § 161(1)(a) of the Workers' Disability Compensation Act, MCL 418.161(1)(a); MSA 17.237(161)(1)(a), "as a requirement of state law that police and fire department employees be entitled to workers' compensation or charter benefits so that receipt of either is a benefit 'required to be provided under state law.'" *Id.* at 191.

tiff in *Krygel* received the charter benefits in lieu of workers' compensation benefits. *Id.* at 395.

Similarly, in the present case, we find that plaintiff's duty disability pension benefits were not paid pursuant to any state or federal law as required by § 3109. As in *Spencer*, plaintiff's duty disability benefits were paid pursuant to a collective bargaining agreement and were not received in lieu of workers' compensation benefits. Moreover, although the pension benefits were also required under a local ordinance, unlike in *Krygel*, there is no statutory authority entitling police and fire department employees to the receipt of such benefits. Accordingly, we cannot agree that the trial court erred in ruling these benefits inappropriate for setoff under § 3109.

Affirmed.